**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 17-00249 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MIRANDA SIERRA | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Petitioner Miranda Sierra's ("Sierra") Motion for Compassionate Release under Section 3582 for Compelling and Extraordinary Circumstances due to COVID-19. See Record Document 71; see also Record Document 72 (attachments to prior filings). The Government has opposed Sierra's motion. See Record Document 77. Sierra filed a reply. See Record Document 78. For the reasons set forth below, Sierra's Motion for Compassionate Release is hereby **DENIED**.

**BACKGROUND**

On September 28, 2017, Sierra was charged with one count of distributing five grams or more of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(viii). See Record Document 1. On June 7, 2018, Sierra pled guilty to the one count referenced above. See Record Documents 41, 43. She was sentenced on January 22, 2019 to 120 months imprisonment. See Record Documents 52, 53, & 54.

At the time of the offense, Sierra was on supervised release after serving an incarceration sentence for her part in another methamphetamine distribution conspiracy. See U.S. v. Sierra, et al., Criminal Action No. 09-00202-01 (Western District of Louisiana).

Her 120 month sentence was to run concurrently with a 33 month sentence for the revocation of her supervised release in Criminal Action No. 09-00202-01.

Sierra is currently incarcerated at FCI Aliceville in Alabama. Her projected release date is April 11, 2026.

## LAW AND ANALYSIS

Sierra alleges she is particularly susceptible to the COVID-19 virus because she suffers from chronic bronchitis, epilepsy, dental issues, and her personal -- a family history of -- gastrointestinal problems. See Record Document 71, 72, & 78. She also has a generalized fear of the COVID-19 virus due to the lack of ability to practice social distancing and other protective measures while incarcerated. See id. Sierra also asserts various claims to attack her prosecution, the validity of her conviction, and lack of and/or inadequate medical care while incarcerated. See id.

Compassionate Release

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010). Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);
(2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or
(3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Sierra moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Director of the BOP could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or
(2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A). Sierra has exhausted her administrative remedies and the Court will proceed to the merits of her motion.

Subject to considerations of 18 U.S.C. § 3553(a), Section 3582(c)(1)(A) permits a reduction in Sierra's term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction. The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Previously, a district court was confined to the policy statements set forth in U.S.S.G. § 1B1.13 to determine whether a compelling reason existed to grant release.

However, the Court of Appeals for the Fifth Circuit recently vacated this restricted examination finding that the policy statements contained under U.S.S.G. § 1B1.13 are only binding on the Court when the motion for compassionate release is brought on the prisoner's behalf by the BOP. See U.S. v. Shkambi, No. 20-40543, 2021 WL 1291609, at *3 (5th Cir. 04/07/2021). The Fifth Circuit instructed that a district court considering a motion for compassionate release brought by the prisoner himself "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Id. at *4. Shkambi did not, however, render § 1B1.13 irrelevant with respect to defendant-filed motions under Section 3582(c)(1)(A), as the Fifth Circuit has long recognized that although not dispositive, the commentary to § 1B1.13 informs the district court's analysis as to what reasons may be sufficiently extraordinary and compelling to necessitate compassionate release. See U.S. v. Robinson, No. 3:18-CR-00228-01, 2021 WL 1723542 (W.D. La. 04/30/2021), citing U.S. v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021). While not binding, § 1B1.13 suggests that the following are deemed extraordinary and compelling reasons warranting a sentence reduction: (1) the defendant's medical conditions; (2) the defendant's age; (3) family circumstances; or (4) other reasons. See U.S.S.G. § 1B1.13, cmt. n.1; see also Thompson, 984 F.3d at 433.

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of

showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute."). In certain instances, the COVID-19 outbreak may affect whether an inmate can show extraordinary and compelling reasons warranting compassionate release under Section 3582(c)(1)(A)(i). If an inmate has a chronic medical condition that has been identified by the Centers for Disease Control ("CDC") as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition, in light of the pandemic, may rise to the level of "extraordinary and compelling reasons" under Section 3582(c)(1)(a). In other words, some conditions that would not have constituted an "extraordinary and compelling reason" now fall into this category because of the risk of COVID-19.

Sierra cites medical reasons as a basis for her release. Yet, she has provided no medical documentation of these conditions nor the severity of such conditions. Her motion may be denied on this basis alone, as she cannot meet her burden of establishing an entitlement to compassionate release. See U.S. v. v. Aguila, No. 2:16-CR-00046-TLN, 2020 WL 1812159, at *2 (E.D. Cal. Apr. 9, 2020); U.S. v. Lotts, No. CR 08-1631 JAP, 2020 WL 835298, at *3 (D.N.M. Feb. 20, 2020). A generalized fear of COVID also does not automatically entitle a prisoner to release. See Thompson, 984 F.3d at 435.

Notwithstanding, even if this Court were to assume that Sierra had an extraordinary and compelling reason for compassionate release, granting such release in this case would not comport with the factors enumerated in Section 3553(a). See 18 U.S.C. § 3582(c)(1)(A). The nature and circumstances of Sierra's offense and her history and characteristics disfavor release. Her criminal history includes violence and repeated similar conduct. See Presentence Investigation Report at ¶¶ 30-44. She also has a

history of failing to comply with court orders and committed the instant underlying offense while on federal supervised release. See id. at ¶¶ 36, 43. A reduced sentence in this case simply would not reflect the seriousness of the offense, would not promote respect for the law, would not afford adequate deterrence to criminal conduct, and would not protect the public from further crimes of this defendant. A reduced sentence would also cause disparity from sentences other defendants have received for similar criminal conduct.

Other Miscellaneous Claims

Sierra has also raised challenges to the validity of her prosecution and conviction and claims lack of or inadequate medical care. Such claims are not appropriately addressed in a compassionate release motion and should be raised in a habeas petition under 18 U.S.C. § 2255 or a Bivens action. These claims are dismissed as not cognizable.

## CONCLUSION

Based on the foregoing reasons, Sierra's McDaniel's Motion for Compassionate Release under Section 3582 for Compelling and Extraordinary Circumstances due to COVID-19 (Record Document 71) be and is hereby **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 25th day of June, 2021.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT